UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RICHARD L. HOWARD, )
 )
 Plaintiff, )
 )
v. ) No. 1:05-cv-301
 ) *Mattice*
 )
WALTER HICKMAN, )
and LINDA HICKMAN, )
 )
 Defendants. )

# MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendants' motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 17] will be **GRANTED** and this action will be **DISMISSED**.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.     Factual Background

Plaintiff filed this action during his confinement in the Meigs County Jail; he is currently housed in the Hamilton County Jail. The defendants are Meigs County Sheriff Walter Hickman and Jail Administrator Linda Hickman. Plaintiff's complaint concerns an alleged denial of medical care. Plaintiff alleges that he was in an car wreck the day before his arrest, resulting in face and knee injuries, but that he did not see a doctor for over a month, despite his many requests for medical attention. He seeks compensatory damages as well as injunctive relief.

III.   Discussion

Plaintiff did not state in his complaint whether defendants Walter Hickman and Linda Hickman are sued in an official capacity or individual capacity. Accordingly, the court must presume that the defendants have been sued in an official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Because the defendants have been sued only in an official capacity, the court must proceed as if plaintiff has in fact sued Meigs County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail, plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Meigs County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

> Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity.

*Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citations omitted).

Plaintiff does not allege that the violation of his rights was the result of any policy or custom on the part of the county. Accordingly, defendants Walter Hickman and Linda Hickman, and Meigs County, Tennessee, are entitled to judgment as a matter of law.

3

IV.     Conclusion

The defendants are entitled to judgment as a matter of law.  For that reason, the defendants' motion to dismiss will be **GRANTED**.  All other pending motions will be **DENIED** as **MOOT**.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

              *s/ Harry S. Mattice, Jr.*
              HARRY S. MATTICE, JR.
              UNITED STATES DISTRICT JUDGE